# Richmond

E. GROSS AND M. GROSS *v*. CITIZENS MUTUAL BUILDING
ASSOCIATION, INCORPORATED.

March 11, 1937.

Present, Campbell, C. J., and Hudgins, Gregory, Browning,
Eggleston and Spratley, JJ.

The opinion states the case.

*Herman A. Sacks,* for the plaintiffs in error.

*Mann & Tyler, M. E. Cruser* and *E. M. Baum, Jr.,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The defendant in error, as its name implies, operates a building and loan association in the city of Norfolk. It was the defendant below and will be referred to as such. The plaintiffs in error were numbered among its many members. They had paid to the defendant a stipulated amount each week, extending over a number of months. The amounts so paid were carried in two accounts and in two pass books. There was printed upon each pass book and also inside of them, "20 shares weekly payments $. . . . . . Dues $5.00". The plaintiffs paid to the defendant an aggregate amount of $1,343.15.

In 1934, the plaintiffs sought to withdraw $800 which amount was badly needed in their business. They were not permitted to withdraw the amount but were allowed to borrow it. The loan was evidenced by a collateral note with which the two pass books were placed as collateral. The plaintiffs claim that while technically this transaction was a loan, it was in reality nothing more than a withdrawal. The amount, if a loan, has never been repaid, nor has interest been paid thereon.

There remained with the defendant after deducting the $800, a balance of $543.15 and the plaintiffs later made demand

of the defendant for that balance. Upon their refusal to pay it over to the plaintiffs this action ensued. The case was tried by a jury and they returned a verdict in favor of the plaintiffs for $471.15 which was $72 less than the amount sued for. The court, upon motion, set aside the verdict because it was of opinion that the action had been prematurely brought. It then entered judgment for the defendant.

The notice of motion for judgment embraced but one allegation. It was, "which amount is due * * * * for money which they had saved and deposited with you upon your express promise to pay the same to them whenever you would be requested so to do". It is then recited that the request was made and refused. The action was substantially one for money had and received.

The defendant pleaded the general issue and also filed a special plea which set up the defense that the money was deposited by the plaintiffs as payments on installment stock for which they had subscribed; that the plaintiffs were shareholders and as such they were not entitled to withdraw or be paid until an outstanding issue of bonds then due was paid; that there were not sufficient funds in the treasury to pay them and that the plaintiffs were not entitled to withdraw until it had been ascertained whether or not the defendant had suffered losses in the operation of its business.

There was a replication to the special plea in which the averments in the plea were denied. After the evidence had been concluded the court submitted the case to the jury upon this one instruction: "The sole question for the jury to decide is whether or not when Mr. Gross had his transaction with the Building Association, he was promised by the Teller that he would be permitted to withdraw his money at any time, regardless of the provision of the by-laws.

"The burden is on Mr. Gross to prove his contention by a preponderance of the evidence."

No exception from either party was made to the instruction and the jury decided the question adversely to the defendant. Therefore, we may consider as established the fact that the

teller of the defendant promised the plaintiffs that they would be permitted to withdraw their money at any time.

Of course, if the verdict was supported by the evidence the trial court should not have set it aside.

Only two witnesses testified. Mr. Gross, for the plaintiffs and W. T. Curdts, Jr., the secretary of the building and loan association, for the defendant. Gross stated that he was not familiar with the plan or the by-laws of the defendant; that Curdts, the secretary of the defendant and the person in charge of the business, told the witness that, if he made deposits, he could withdraw whatever sum had been deposited at any time upon giving the defendant 30 days notice, and that he relied upon that representation and made his deposits each week. Later he needed money and gave the defendant notice of his desire to withdraw $800, but the defendant refused to permit the withdrawal. The secretary agreed to advance the $800 but stated that it would be designated as a loan rather than a withdrawal. Gross wrote the defendant a letter at its request, in which he recognized his status as that of a stockholder and he also executed a note to the defendant for the $800. A balance of $543.15 remained and later request was made and notice given to withdraw it, which was refused, and thereafter this action followed.

Curdts, the secretary of the defendant, testified that at the times the requests and notices for withdrawals were made and given, the defendant was solvent, its assets were in excess of its liabilities; and that at the times the applications were made for the return of the money there was a sufficient sum in the treasury realized from its weekly receipts, less expenses, other than past due bonds, to return the amount due the plaintiffs and the others who likewise had applied to withdraw their money. At the time the applications were filed there were outstanding past due bonds of the defendant of $806,100, but no action had been taken by the holders to collect them. A large number of those bonds had been and were being converted into three year obligations. The defendant refused to permit the plaintiffs to withdraw their

money because its officers regarded them as stockholders.

Curdts further testified that no stock had been issued to the plaintiffs. The custom of the defendant was to permit persons who had made deposits and who had subscribed to the stock to withdraw their money upon 30 days notice. He stated that the plaintiffs owed the defendant $72 interest on the $800 loan. He also stated that he did not tell the plaintiffs they could withdraw their money at any time, but the jury did not accept the latter statement. For years the defendant had permitted withdrawals of money paid in on "running stock".

Section 18 of the by-laws permits any member whose stock is not pledged under a mortgage loan to withdraw all or any number of shares before maturity, but provides that he shall not be entitled to any part of the earnings or dividends previously declared. If a member has made payments continuously for two years or more he is entitled to receive all payments made as dues plus interest, less any penalties and less any share of the known losses. However, it is provided that if there be insufficient money in the treasury and the applications for withdrawals exceed the weekly receipts, less expenses, the applications first filed will be given priority.

Code, section 4167 (13) contemplates that withdrawals will be made and authorizes building and loan associations to fix rules governing them. The section also fixes the relation of the shareholder to be such as usually exists between a corporation and its shareholders; "and in event of emergency preventing the payment of withdrawals * * * the shareholder * * * shall not be privileged to * * * establish a debtor-creditor relation in lieu of the usual privileges and responsibilities of a shareholder."

The clear implication from the language used in the statute is that in the absence of an emergency preventing the payment of withdrawals in the usual course, then the shareholder is not prevented from establishing a debtor-creditor relation. As long as a member continues his payments he is a shareholder but when he voluntarily ceases to make

them and requests that he be allowed to withdraw the money he has paid in, he then has exercised an option granted him of transferring his status from that of a stockholder to that of a creditor, provided the withdrawals can be paid in the usual course and no emergency exists. The statute contemplates a change in the status of a member. As long as no "outside creditor" is prejudiced, certainly an association which, through one of its officers, induces one to become a member under the representation that he can withdraw at any time, is not in a position to object to his withdrawal. The verdict in favor of the plaintiffs in this case is conclusive that they were assured by the secretary of the defendant that they would be permitted to withdraw their money at any time upon 30 days notice.

The defendant here is solvent. It has creditors but no creditor is here objecting to the withdrawal by the plaintiffs. In fact the creditors knew before they became such that withdrawals, like the one sought here, would be made from time to time. They had knowledge of the statute and the by-laws. The by-laws authorized the defendant to permit withdrawals. They also had knowledge of the general custom and plan of the building and loan association to allow withdrawals. Therefore, it is immaterial whether plaintiffs be called stockholders or creditors. If they are the former, then they enjoy not only the benefits of an ordinary stockholder but they also are expressly granted the additional right to terminate that relation, upon notice, and to withdraw the money paid on the stock.

In *Andrews* v. *Roanoke Building Association & Investment Company,* 98 Va. 445, 36 S. E. 531, 49 L. R. A. 659, a general creditor's suit was instituted against the association. To the bill, a demurrer was interposed and a plea of the statute of limitations was filed. Upon these pleadings and in the absence of any evidence, the cause was heard. The court held that the bill stated a good cause of action. The court recognized the right of a withdrawing member to withdraw his money and also that it was the duty of the directors of the association

to provide a fund from which withdrawals could be made. However, the court held that in insolvency the withdrawing member would not be allowed to compete with "outside creditors".

The case at bar is easily distinguishable. The defendant association is not insolvent. It has the fund provided from which the plaintiffs are entitled to withdraw their money and they are not competing with any "outside creditor". Not only are no "outside creditors" objecting but they acquired their status as creditors with knowledge that the scheme and plan of the association provided for the withdrawal of funds by the members.

In *Eastern Building & Loan Association* v. *Snyder et als.*, 98 Va. 710, 37 S. E. 298, the member prematurely brought his suit. At the time he instituted it there was in the withdrawal fund only $45,000, while there were applications for withdrawals filed ahead of his of $260,000. Under these circumstances, the court properly denied his claim. No doubt, if there had been a sufficient amount in the fund for the purpose, the court would have permitted him to withdraw.

We find nothing in *Campbell* v. *Eastern Building & Loan Association et als.*, 98 Va. 729, 37 S. E. 350, that is in conflict with our conclusion here.

No just reason has been shown why the plaintiffs were refused the privilege of withdrawing the $800 when they made the request and gave the notice. The fund in hand was sufficient to pay them. The defendant was solvent. We think that under the evidence the $800 should be treated as a withdrawal and not as a loan, and therefore, the $72 interest charge is not valid.

In the brief of counsel for the defendant it is stated that the notice of motion for judgment does not allege, and the evidence does not show, that the claims here asserted have been assessed for taxation as required by section 69 of the Tax Code (Code 1936, Appendix, p. 2414). This was not called to the attention of the trial court. If it had been, no doubt it could then have been remedied. The case, therefore, will be re-

manded for such further order as may be necessary to enforce the payment of the taxes. *Eastern Public Service Corp. et als. v. E. M. Funkhouser*, 153 Va. 128, 149 S. E. 503.

After making such order the trial court is directed to enter judgment in favor of the plaintiffs against the defendant for $471.15, plus the $72 for interest which was improperly deducted.

*Reversed and remanded.*